## A. R. Humble Stave & Lumber Company v. Dunbar, et al.

(Decided March 25 1919.)

### Appeal from Russell Circuit Court.

Appeal and Error—Trespass—Evidence.—In an action in trespass to recover for timber taken, injury to growing timber and damage to land by reason of roads made thereon, the trespass being admitted, the only questions are value of the timber taken, damage to the growing timber and land by reason of the roads, and when this question is properly submitted to a jury, its verdict will not be disturbed unless palpably against the weight of the evidence.

LILBURN PHELPS and J. N. MEADOWS for appellant.

T. Z. MORROW and EDWIN P. MORROW for appellees.

Abner Perkins died testate, a resident of Russell county and the owner and in possession of a tract of about 325 acres of land, of which he willed 150 acres absolutely to his wife, Elizabeth Perkins, and the balance in remainder after the death of the widow to Lou Ettie Fox, who is the mother of appellee, Surrilda Dunbar. About nine or ten years before the commencement of this action the lands were divided between the widow and appellee and a line established, cutting off 150 acres from the north end of the land for the widow, of which she took possession, and the remainder of the land was turned over to the possession of appellee Dunbar and her father, with whom she lived. The division line was well marked. Some time after the division of the land, the widow sold her 150 acres to one Sidney Holt, who took possession of it as a home and farm. A short time before the bringing of this action Holt sold the white oak and black oak timber on his tract of land to the appellant, Humble Stave & Lumber Company, a partnership of which A. R. Humble is the manager and principal owner. At the time Humble purchased the timber he was shown the division line between the tract willed to the widow and that devised to the mother of appellee, and Humble, who happened to have a bucket of paint with him, painted the division line so as to definitely fix it and prevent a trespass by crossing the line in cutting the timber. Some days later Humble obtained the services of John Mitchell, a surveyor, to go on the lands with the avowed purpose of re-surveying the tract and establishing a new line. To this appellee, through her father, objected. Mitchell was the same surveyor who had laid off the 150 acres to the widow in the first instance and established the division line. In running it the last time, however, he marked a line several poles further south than the old line, thus taking into the widow's part some 18 or 20 acres more and that much from the lands of appellee. This part of the land was covered with very fine timber, and Humble and his employes entered on this strip in controversy and cut and removed 187 white oak trees and 39 black oak trees and injured much young growing timber and made roads over and across it to the damage of appellee. To recover for these trespasses this action was instituted in the Russell circuit court

by Surrilda Dunbar by her father as next friend, she being less than twenty-one years of age, against A. R. Humble Stave & Lumber Company.

On a trial of the facts before a jury a verdict for $1,250.00 for the timber and damages to the land was returned in favor of the appellee Surrilda Dunbar, and judgment being accordingly entered, the stave company appeals.

The trespass is admitted, the second survey made by John Mitchell, in which he laid off more land to Humble and Holt, is confessedly erroneous, and the answer offers to pay the reasonable value of the timber taken, but denies that the land was injured by the roads made across it or that the growing timber was injuriously affected by the removal of the other timber.

The evidence for the appellee tends to establish the value of the timber and damage to the land at about $1,600, while that for the appellant stave company fixes it at about $450.00. The instructions of the court were very brief, but we think fairly submit the issues.

As the trespass was admitted, it was only a question of the value of the timber and the extent of the damage to the land. If there was sufficient evidence upon the part of the appellee to warrant the jury in finding for the plaintiff, and the issues were properly submitted to the jury, there is no available ground for complaint unless the verdict is so excessive as to impress the mind that the verdict was given under the influence of passion or prejudice. This we do not think is true. Appellants admit that the verdict should have been at least $400.00 or $500.00, but if the timber, as it stood on the land, was of the value which the witnesses testifying for appellee fixed it, then $1,250.00 was none too much when considered in connection with the damage to the growing timber and the land by reason of the roads.

Apparently from this record appellant willfully went upon the land and took the timber in controversy. In such case quite a different rule prevails from that in cases where the trespasser acts in good faith and with the honest belief that the timber taken is his property; but we need not consider that question because there is no cross-appeal.

Appellant insists that the timber was taken from about nine or ten acres of land, and that at the rate fixed by the jury the timber on the farm would bring about

$18,000.00, whereas the value of the farm, as estimated by appellant, is only about $5,000.00. All this may be true, and yet it is not conclusive of the controversy. This particular boundary of timber appears to have been of a superior quality and size. The timber on the balance of the farm may have been very different. The jury heard the facts and concluded from the evidence that the timber taken by appellant and the damage done by roads, etc., amount to $1,250.00, and we find no reason to disagree with the verdict.

Judgment affirmed.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

